1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SALADIN RUSHDAN, aka,
     ROBERT WOODS,
11
                 Plaintiff,                    No. CIV S-06-0729 GEB GGH P
12
            vs.
13
     TOM PERBULA, et al.,
14
                 Defendants.                   FINDINGS AND RECOMMENDATIONS
15
     _____/
16

17             Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

18   42 U.S.C. § 1983.  On November 21, 2006, the court dismissed plaintiff's complaint with leave

19   to amend.  Pending before the court is plaintiff's amended complaint filed December 7, 2006.

20             Named as defendants are Director of the California Department of Corrections

21   and Rehabilitation (CDCR) Dovey, Warden Palmer, Associate Warden Stratton, Correctional

22   Sergeant Hall, Correctional Counselor Permbula and Health Care Analyst Van Cor.  Plaintiff

23   alleges that defendants violated a settlement agreement he entered into with CDCR in 1994.

24   Plaintiff alleges that the settlement agreement was reached in an action filed in the United States

25   District Court for the Northern District of California, C-90-2895 THE.

26   /////

                                                 1

1        As stated in the November 21, 2006, order, this court has jurisdiction to consider

2   plaintiff's claim only if the action in which the settlement agreement was reached was filed in

3   this court and the settlement agreement provided that the court retained jurisdiction.  18 U.S.C. §

4   3626(c)(2); see also Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 114 S. Ct. 1674 (1994).

5   Because the settlement agreement was reached in the United States District for the Northern

6   District of California, this court does not have jurisdiction to consider plaintiff's claims,

7   regardless of whether the settlement was reached in private.  Accordingly, the court recommends

8   that this action be dismissed.

9        Plaintiff may file a new civil rights action in this court alleging violation of his

10   rights at California State Prison-Sacramento, where he is now housed. The new action should not

11   include claims regarding violation of his settlement agreement.

12        Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

13        These findings and recommendations are submitted to the United States District

14   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

15   days after being served with these findings and recommendations, plaintiff may file written

16   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

17   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

18   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

19   F.2d 1153 (9th Cir. 1991).

20   DATED:   12/26/06

21                                                    /s/ Gregory G. Hollows

22                                                    _____
                                                     GREGORY G. HOLLOWS
                                                     UNITED STATES MAGISTRATE JUDGE

23

24   wood729.ame

25

26

2