IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SALADAN RUSHDAN, aka,
ROBERT WOODS,

      Plaintiffs,                      No. CIV S-06-0729 GEB GGH P

   vs.

TOM PERBULA, et al.,

      Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On January 26, 2007, the court dismissed this action. On September 25, 2008, the Ninth Circuit Court of Appeals reversed and remanded this action. Accordingly, the court reconsiders the first amended complaint filed December 7, 2006.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

1

1  Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

2          A complaint must contain more than a "formulaic recitation of the elements of a
3  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
4  speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).
5  "The pleading must contain something more...than...a statement of facts that merely creates a
6  suspicion [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal
7  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this
8  standard, the court must accept as true the allegations of the complaint in question, <u>Hospital
9  Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light
10 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v.
11 McKeithen</u>, 395 U.S. 411, 421 (1969).

12         The first amended complaint states a colorable Eighth Amendment claim for relief
13 against all defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

14         Plaintiff also alleges that defendants violated state law by breaching a settlement
15 agreement reached in the United States District Court for the Northern District of California.  So
16 that this court may determine whether it has jurisdiction to consider plaintiff's enforcement of
17 settlement claim, apparently a state law claim for breach of contract, plaintiff is ordered to file a
18 copy of the settlement agreement, and/or any other document reflecting whether the Northern
19 District retained jurisdiction to enforce the terms of the settlement.

20         Accordingly, IT IS HEREBY ORDERED that plaintiff is granted thirty days from
21 the date of this order to file a copy of the settlement agreement reached in the Northern District;
22 following review of that document, the court will issue further orders.

23 DATED: 10/17/08         /s/ Gregory G. Hollows

24         GREGORY G. HOLLOWS
   rushdan.ord         UNITED STATES MAGISTRATE JUDGE
25

26