IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SALADAN RUSHDAN, aka,
ROBERT WOODS,

      Plaintiff,                    No. CIV S-06-0729 GEB GGH P

  vs.

TOM PERBULA, et al.,

      Defendant.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee.

        On January 28, 2009, the court granted sixty days to complete service of process in accordance with Fed. R. Civ. P. 4. The court ordered that within 120 days of January 28, 2009, plaintiff and defendants were to file status reports. One hundred twenty days have passed since January 28, 2009, and neither plaintiff nor defendants have filed status reports.

        On March 10, 2009, plaintiff filed returns of service stating that he served the Attorney General's office with a summons, complaint, consent form and the January 28, 2009, order by U.S. mail.

\\\\\

Fed. R. Civ. P. 4(e)(1) allows service pursuant to state law. In California, service is governed by California Code of Civil Procedure § 415.10 et. seq. Service may be effected: (1) by personal service of the summons and complaint in accordance with Cal. C.C.P. § 415.10, (2) by leaving a copy of summons and complaint at a defendant's office or mailing address and also by mailing the summons and complaint to the defendant in accordance with Cal. C.C.P. § 415.20, or (3) by mailing a copy of the summons and complaint, two copies of the notice and acknowledgment provided in the statutory section, and a return envelope postage prepaid to the sender in accordance with Cal. C.C.P. § 415.30 (or by mailing to an out of state defendant in accordance with Cal. C.C.P. § 415.40). Fed. R. Civ. P. 4(e)(2) allows service by any of the following means:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

If plaintiff was suing only for injunctive relief, service on the Attorney General might be appropriate, but here plaintiff is suing for money damages. Because plaintiff attempted to serve defendants by mail, it appears that he attempted service in accordance with Cal. C.C.P. 415.30. However, this service was defective because plaintiff did not serve a copy of the notice and acknowledgment set forth in that section and nor did he serve defendants with a return envelope. In addition, state law does not authorize the Attorney General to accept service of process on behalf of defendants sued in their individual capacities. Jackson v. Hayakawa, 682 F.2d 1344, 1347-48 (9th Cir. 1982). For these reasons, plaintiff's service of defendants is defective.

The court will permit plaintiff to file an in forma pauperis application which, if granted, will permit the U.S. Marshal to attempt service. In the alternative, the court will grant

plaintiff thirty days to attempt service of defendants in accordance with the standards set forth above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days to either file an in forma pauperis application or file a short declaration stating his intention to attempt service of defendants;

2. The Clerk of the Court is directed to send plaintiff the form for an in forma pauperis application for a prisoner.

DATED: July 14, 2009

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

rush729.ord